

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T  +1 202 637 5600
F  +1 202 637 5910
www.hoganlovells.com

May 10, 2019

**By CM/ECF**

Patricia S. Dodszuweit, Clerk
U.S. Court of Appeals for the Third Circuit
601 Market St.
Philadelphia, PA 19106

Re:   *City of Philadelphia v. Attorney General of the United States*, No. 18-2648

Dear Ms. Dodszuweit:

This letter responds to the Attorney General's petition for panel rehearing. *See* Order (May 3, 2019) (directing the City to respond). In four pages, citing no authority, Defendant seeks the extraordinary relief of an order vacating the District Court's declaratory judgment in full. To be entitled to this order, Defendant must show that the District Court abused its discretion in granting that relief. *See Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 138 (3d Cir. 2014). The Petition does not come close to making that showing, and this Court should deny it.

After a four-day trial and extensive briefing, the District Court awarded the City injunctive and declaratory relief on all six counts in the City's complaint. A189–A194. The District Court declared that the Challenged Conditions were invalid on numerous statutory and constitutional grounds. A190–A191. It further declared that 8 U.S.C. § 1373 is unconstitutional under *Murphy v. NCAA*, 138 S. Ct. 1461 (2018), and that the City is in compliance, or substantial compliance, with the Challenged Conditions. A191. With one exception, this Court affirmed the District Court's judgment in its entirety. The Court vacated the inclusion of a "judicial warrant requirement" as part of the permanent injunction against Defendant, finding the District Court "abused its discretion" in this aspect of the "scope of the equitable relief." Op. 34.

Defendant now asks the Court to "amend its judgment to *formally* vacate the district court's declaratory judgment," Pet. 4 (emphasis added)—as if the Court had informally done so before. He even suggests that "[t]his action would not require any modification of this Court's opinion." *Id.* He is wrong. The Court acknowledged the award of declaratory relief, including the declaration that Section 1373 is unconstitutional, Op. 14–16, but did not question it. This is likely because Defendant did not specifically challenge this aspect of the District Court's remedy anywhere in his 53-page brief or 26-page reply. Granting the Petition would require this Court to consider—for the first time—whether any of the declaratory relief awarded constituted an abuse of discretion. *Reifer*, 751 F.3d at 138. Defendant is not seeking "limited" relief "out of an abundance of caution," Pet. 1, 4; he is seeking a victory he did not win—and in fact, waived.

Regardless, the District Court correctly exercised its discretion to grant the declaratory judgment. Defendant's only argument, raised for the first time in the Petition, appears to be that the declaratory judgment has no "practical effect" because, he contends, the injunction provides the City "complete relief." Pet. 3. Not so. The separate remedies of injunctive and declaratory

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante   Amsterdam   Baltimore   Beijing   Birmingham   Boston   Brussels   Colorado Springs   Denver   Dubai   Dusseldorf   Frankfurt   Hamburg   Hanoi   Ho Chi Minh City   Hong Kong   Houston   Johannesburg   London   Los Angeles   Luxembourg   Madrid   Mexico City   Miami   Milan   Minneapolis   Monterrey   Moscow   Munich   New York   Northern Virginia   Paris   Perth   Philadelphia   Rio de Janeiro   Rome   San Francisco   São Paulo   Shanghai   Silicon Valley   Singapore   Sydney   Tokyo   Warsaw   Washington DC   Associated offices: Budapest   Jakarta   Shanghai FTZ   Ulaanbaatar   Zagreb. Business Service Centers:  Johannesburg   Louisville.  For more information see www.hoganlovells.com

relief serve different purposes. Whereas injunctive relief is an extraordinary remedy that "commands immediate obedience," *Bituminous Coal Operators' Ass'n v. Int'l Union, United Mine Workers of Am.*, 585 F.2d 586, 596 (3d Cir. 1978), declaratory relief is designed to "clarify . . . legal relationships" in order to help litigants "make responsible decisions about the future." *Marathon Petroleum Corp. v. Sec'y of Fin. for Del.*, 876 F.3d 481, 499 (3d Cir. 2017) (citation omitted). That is why declaratory relief is available "whether or not further relief is or could be sought." 28 U.S.C. § 2201(a); *accord* Fed. R. Civ. P. 57 advisory committee's notes; *see Powell v. McCormack*, 395 U.S. 486, 517–18 (1969) ("[A] request for declaratory relief may be considered independently of whether other forms of relief are appropriate."); 10B Charles Alan Wright et al., Federal Practice and Procedure Civil § 2758 (4th ed. 2019 update) (A declaratory judgment is "considered a simple, ordinary auxiliary remedy." (citation omitted)). This Court and others routinely affirm grants of both forms of relief. *See, e.g.*, *PaineWebber Inc. v. Hofmann*, 984 F.2d 1372, 1379 (3d Cir. 1993); *Thomas v. Byant,* 614 F.3d 1288, 1317, 1326 (11th Cir. 2010); *Beaton v. Thompson*, 913 F.2d 701, 702 (9th Cir. 1990); *DL v. District of Columbia*, 194 F. Supp. 3d 30 (D.D.C. 2016), *aff'd*, 860 F.3d 713 (D.C. Cir. 2017).

The declaratory judgment the City secured gives it important relief beyond the permanent injunction, which restricts only Defendant's enforcement of the Challenged Conditions against the City "under the Byrne JAG program for FY 2017." A191. The declaratory judgment protects the City from an attempt by Defendant to condition other funding on Section 1373 compliance; indeed, Defendant has continued to include a Section 1373 condition in the FY 2018 and FY 2019 solicitations for the Byrne JAG program. The declaratory judgment also protects the City should Defendant bring a preemption suit against it, like the action brought against the State of California. *See United States v. California*, 921 F.3d 865, 893 (9th Cir. 2019) (concluding state law did not conflict with Section 1373 and was not preempted); *see also* Opening Br. at 9–10, 12, 41 (claiming that the City's policies violate Section 1373). The District Court was well within its discretion to issue such relief. *See, e.g.*, *Wayne Land & Mineral Grp. LLC v. Del. River Basin Comm'n*, 894 F.3d 509, 522–23 (3d Cir. 2018) (declaratory relief would have "practical utility" where agency had "previously fined another company"); *Pittsburgh Mack Sales & Serv., Inc. v. Int'l Union of Operating Eng'rs*, 580 F.3d 185, 191 (3d Cir. 2009) (declaratory judgment is "practical and useful" where plaintiff "has already received correspondence" claiming it is liable); *Surrick v. Killon*, 449 F.3d 520, 528 (3d Cir. 2006) (where agency "refused to assure" court that plaintiff would not be penalized).

Finally, for the reasons in the District Court's opinion and the City's brief, the District Court's ruling was correct on the merits. *See* A100–A188; Response Br. 11–54; *see also California ex rel. Becerra v. Sessions*, No. 3:17-cv-04701-WHO, 2018 WL 6069940 (N.D. Cal. Nov. 20, 2018) (issuing declaratory judgment that, *inter alia*, Section 1373 is unconstitutional), *appeal filed*, No. 18-17311 (9th Cir. Dec. 4, 2018); Final Judgment and Order at 2, *City of Chicago v. Sessions*, No. 1:17-cv-05720 (N.D. Ill. Aug. 15, 2018), ECF No. 211 (same); *New York v. U.S. Dep't of Justice*, 343 F. Supp. 3d 213, 245 (S.D.N.Y. 2018) (same), *appeal filed*, No. 19-275 (2d Cir. Jan. 28, 2019). Defendant's Petition must be denied.

        Respectfully submitted,

        /s/ Neal Kumar Katyal
        Neal Kumar Katyal

        *Counsel for the City of Philadelphia*

cc: All counsel of record (via CM/ECF)